UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KARISSA KUHN )<br>)<br>Plaintiff, )<br>) Case No.: 1:23-cv-397<br>v. )<br>)<br>SECURITAS SECURITY SERVICES, USA, INC. )<br>)<br>Defendant. ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.   STATEMENT OF THE CASE

1. Plaintiff, Karissa Kuhn (hereinafter "Karissa" or "Plaintiff"), brings her Complaint against Defendant, Securitas Security Services, USA, Inc. (hereinafter "Securitas"), for its violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*.  Karissa contends she was subjected to discrimination based on her sex, female, and retaliation after reporting sexual harassment.

## II.   PARTIES

2. Plaintiff is a citizen of Indiana and resides within the geographical boundaries of the Southern District of Indiana.

3. Securitas is a foreign for-profit corporation, headquartered in Parsippany, New Jersey, that manages security of several locations within the geographical boundaries of the Southern District of Indiana.

## III.   JURISDICTION AND VENUE

4. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

5. Securitas is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6. Plaintiff satisfied her obligation to exhaust her administrative remedies by having timely filed her U.S. Equal Employment Opportunity Commission Charge Number 470-2022-03987 against Securitas alleging discrimination in violation of the Civil Rights Act of 1964, as amended, because of her sex, female, and retaliation. Plaintiff received her Notice of Suit Rights from the EEOC on January 30, 2023, and timely files her Complaint.

7. Jurisdiction is conferred on this Court by Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e-5, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions and occurrences concerning this matter took place within the geographical purview of the Southern District of Indiana.

### IV.   FACTUAL ALLEGATIONS

9. Securitas specializes in maintenance of security of numerous locations throughout the United States with eight office locations in Indiana.

10. Karissa was hired by Securitas in April 2021.

11. Karissa was positioned as a security guard at Intat Precision in December 2021, as the only female guard on location, under the supervision of Dennis Wayt (hereinafter "Wayt").

12. Beginning in December 2021, Wayt began making inappropriate comments about his sexual relationship with his wife.

13. On March 21, 2022, Karissa presented to work wearing makeup and Wayt responded with an inappropriate comment indicating she did so for him.

14. Karissa reported the sexual harassment, due to the continued nature, to Human Resources Representative Roxanne Quillen in May 2022.

15. On or around June 12, 2022, Karissa was informed by a third-party that they had heard about the sexual harassment allegations despite not having told anyone but Human Resources.

16. Due to the circulation of sexual harassment reporting, Wayt began retaliating against Karissa and it became so severe that she had to resign on or about July 5, 2022.

## V.   LEGAL ALLEGATIONS

### a.   Employment discrimination based on sex

17. Plaintiff hereby incorporates paragraphs one (1) through (30) as set forth herein.

18. Plaintiff was discriminated against based on her sex, female.

19. As a result of Securitas' actions, Plaintiff has sustained damages including but not limited to economic loss, loss of reputation, loss of enjoyment of life, mental anguish and emotional injury.

20. Securitas' actions and omissions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* as amended.

### b.   Retaliation

21. Plaintiff hereby incorporates paragraphs one (1) through (34) as set forth herein.

22. Plaintiff raised concerns regarding sexual harassment in the workplace, as well as discrimination by her supervisor, Wayt, to Human Resources.

23. Immediately after complaining about the discrimination, Plaintiff was retaliated against until she was forced to resign.

## VI.  REQUESTED RELIEF

WHEREFORE the Plaintiff, Karissa Kuhn, requests that judgment of this Court be held in her favor as follows:

1. Order Defendant to pay Plaintiff any and all lost wages and the monetary value of all benefits associated with her employment as a result of Defendant's discrimination;

2. Order Defendant to pay Plaintiff compensatory damages for the mental anguish and consequential harm she suffered;

3. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

4. Order Defendant to pay interest on all sums recoverable; and

5. Award to Plaintiff all other relief that is just and proper.

          Respectfully submitted,

          GOODIN ABERNATHY, LLP

          /s/ Christopher E. Clark
          Christopher E. Clark, #18577-29
          *Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Karissa Kuhn, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
Ph. (317) 843-2606
Fax (317) 574-3095
cclark@goodinabernathy.com
03-144